**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,**

**Plaintiffs,**

**v.**

**GILCO MECHANICAL CONTRACTORS, INC., an involuntarily dissolved Illinois corporation, and LEROY T. GILL, JR., individually,**

**Defendants.**

FILED: AUGUST 21, 2008
08CV4768
JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER
BR

**Case No.**

**Judge**

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Plaintiffs" or the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo and Charles Ingrassia for their Complaint against Defendants Gilco Mechanical Contractors, Inc., (the "Company") an involuntarily dissolved Illinois corporation, and LeRoy T. Gill, Jr., individually ("Gill" and hereinafter the both defendants will be collectively referred to as the "Defendants"), state as follows:

## COUNT I

**(Failure to Comply with Audit):**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, 28 U.S.C. § 1367, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. The Company is an Illinois corporation that was involuntarily dissolved on June 1, 2004. At all times relevant herein, it did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. Defendant Gill is the owner of the Company. Upon information and belief, he was the owner at the time of involuntary dissolution and prior to the involuntary dissolution, and is joint and severally liable for all debts and liabilities of the Company to the Funds incurred in carrying on the Company's business after the date of involuntary dissolution. 805 ILCS 5/1 et seq.

7. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement which became effective June 1, 2006 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Builders' Association ("BAC"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District

Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), the Chicago Area Independent Contractors Association ("CAICA"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendants have:

(a) failed to submit their books and records to a requested audit for the period of March 1, 2006 forward, thereby depriving the Funds of information necessary to determine benefit contribution compliance and to administer the Funds; and

(e) failed to obtain and maintain a surety bond.

13. The Defendants' actions in failing to submit to an audit and to obtain and maintain a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, 805 ILCS 5/1 et. seq., and the terms of the Agreement and the Funds' respective Trust Agreements, the Defendants are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, audit costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment against Defendants Gilco Mechanical Contractors, Inc., and LeRoy T. Gill., Jr., as follows:

a. ordering the Defendants to submit their books and records to an audit for the period of March 1, 2006 forward;

b ordering the Defendants to obtain and maintain a surety bond;

c. entering judgment in sum certain against the Defendants on the amounts due and owing pursuant to the reports to be submitted and the audit, if any, including contributions, interest, liquidated damages, accumulated liquidated damages and interest on late reports, audit costs, and attorneys' fees and costs; and

e. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure to Submit to an Audit)**

15. Plaintiffs reallege paragraphs 1 through 14 of Count I.

16. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

17. Notwithstanding the obligations imposed by the Agreement, the Defendants have failed to submit their books and records to a requested audit for the period of March 1, 2006 forward, thereby depriving the Union of information necessary to administer its operations.

18. Pursuant to the terms of the Agreement, dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

19. Pursuant to the Agreement and 805 ILCS 5/1 et seq., the Defendants are liable to the Funds for the unpaid union dues, liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants Gilco Mechanical Contractors, Inc., and LeRoy T. Gill, Jr., ordering them to submit their books and records to the Funds for an audit for the period of March 1, 2006 forward and ordering them to pay any union dues revealed as due and owing on the delinquent reports and audit together with all late fees, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

August 20, 2008

Respectfully submitted,

Laborers' Pension Fund, et al.

By: ______________________
Charles Ingrassia

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

CONSTRUCTION & GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO

[illegible] BURR RIDGE PARKWAY • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: [illegible] • FAX: [illegible]

# INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

[illegible]

1. Recognition. [illegible]

2. Labor Contract. [illegible]

3. Dues Checkoff. [illegible]

4. Work Jurisdiction. [illegible]

5. Fringe Benefits. [illegible]

[illegible]

6. Wages and Industry Funds. [illegible]

7. Contract Enforcement. [illegible]

8. Successors. [illegible]

9. Termination. This Agreement shall remain in full force and effect from June 1, 2001 [illegible] through May 31, 2006, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area-wide negotiated agreements with the various Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive Agreements, unless and until timely notice of termination is given as provided above.

10. Execution. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Agreements.

Dated: May 13, 2002

ACCEPTED:
Laborers' Local Union No. 5

By: Frank DiVito

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature]
Frank Riley, President & Secretary-Treas.

By: [signature]
James P. Connolly, Business Manager

For Office Use Only: UCA X

3/3/71 [handwritten]

[signature] (Employer)

FEIN No.: 20-0738378

By: LeRoy [illegible] (Print Name and Title)

[signature] (Signature)

[illegible] S. Dorchester Ave (Address)

Chicago, IL 60617 (City, State and Zip Code)

773-[illegible] (Telephone/Fax)

WHITE - LOCAL UNION • CANARY - TRUST FUND • PINK - DISTRICT COUNCIL • GOLD - EMPLOYER

EXHIBIT A